**STATE, Plaintiff-Appellee, v. NOOKS et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 569.   Decided November 8, 1955.

George R. Smith, Pros., Xenia, for plaintiff-appellee.
Robert K. Schoecraft, Xenia, for defendants-appellants.

(CONN, J, of the Sixth District, sitting by assignment in the Second District.)

## OPINION

By CONN, J.

The defendants, Ralph Nooks and Titus Nooks, were each indicted for the alleged offense of grand larceny under authority of §2907.20 R. C.

One Ralph Tate was also indicted and charged with the same offense.

Following the said indictments and pleas of not guilty, and before trial, on motion of the State and under authority of §2945.13 R. C., the defendant Ralph Tate was granted a separate trial and assigned a separate trial date. The trial court further ordered that the trial of defendants Ralph Nooks and Titus Nooks proceed as previously scheduled.

The State called Ralph Tate as its own witness who was permitted to testify over the objection of defendants. The jury returned a verdict of guilty and fixed the value of the property taken at $400.00. Motion for new trial was overruled and the defendant Ralph Nooks sentenced to the Ohio Reformatory; the defendant, Titus Nooks, was sentenced to the Ohio Penitentiary, each for indefinite terms of one to seven years.

Defendants have appealed to this court on questions of law from said judgments and assign as errors prejudicial to defendants, the failure of the trial court to sustain defendants' objection to the testimony of Ralph Tate; the overruling of defendants' motions for acquittal at the close of the State's case and at the close of all the evidence; and that the judgment entered was contrary to law and against the weight of the evidence.

First error assigned. The defendants contend for the application of the rule that where two or more defendants are jointly indicted, declarations and admissions made by one under such indictment after his arrest, and in the absence of the other, are not admissible against the latter.

In the instant case, the defendants were not jointly indicted, and on motion of the State, the court ordered that the defendant, Ralph Tate, be tried separately from the defendants Ralph Nooks and Titus Nooks, pursuant to §2945.13 R. C.

Moreover, the character of the testimony of Ralph Tate was not a confession. His testimony was a recital of certain material facts, within his personal knowledge, and related to the taking and carrying away of certain personal property of the complaining witness. It is our opinion that this assignment of error is not well taken and should not be sustained.

The two remaining errors assigned go to the weight and sufficiency of the evidence. The verdict of guilty returned by the jury is supported by the evidence received at the trial. On the issue raised on this assignment of error, this court does not have the duty to weigh the evidence. That is the province of the jury. It is the duty of this court "to determine whether the verdict and/or judgment is supported by the degree of proof which the character of the case requires * * *." **Cooper v. State, 121 Oh St 562.** It does not appear that the judgment of the trial court is manifestly against the weight of the evidence or that defendants sustained any prejudice by reason of the errors assigned; nor does it appear that defendants were prevented from having a fair trial.

In the light of the conclusions we have reached, it follows that the judgment of the trial court should be affirmed and it is so ordered, and that this cause be remanded to the trial court for execution of sentence.

MILLER, PJ, HORNBECK, J, concur.